No. 5436.—Puig, apldo., *v.* Lorden, aplte.—C. D. Humacao. Noviembre 26, 1930.

(Por la corte, a propuesta del Juez Asociado Señor Texidor.)

Por cuanto, la apelada nos pide desestimemos este recurso, fundándose en que el escrito de apelación no fué notificado al demandante, ni a su otro abogado Sr. Rivera Zayas, y sí al Licenciado Sr. González Fagundo, que si bien cooperó con el demandante y su letrado, no fué nunca el abogado principal ni llevó la dirección del pleito. Y presenta certificación del Secretario de la Corte de Distrito de Humacao,

en relación, en la que dicho funcionario afirma, entre otros extremos que no consta que el escrito de apelación se entregara al abogado Sr. Puig Morales y sí al Licenciado Francisco González, y que éste no aparece suscribiendo ninguna alegación, salvo una moción para posponer una vista;

Por cuanto, a tal moción se opuso la apelante alegando que las certificaciones presentadas lo son en relación y no literales, y presentando certificación del taquígrafo, en la que se copia literalmente la manifestación del abogado Sr. González Fagundo al empezar la vista de este caso para que se hiciera constar que además del letrado que firma la demanda, él era uno de los abogados del demandante; y otra literal del Secretario de la Corte de Distrito de Humacao, de la que consta que el día señalado para la vista de este caso comparecieron las partes, en persona, y representado el demandante por sus abogados Rafael Rivera Zayas y Francisco González Fagundo, y otros extremos;

Por cuanto, no podemos dar valor a las certificaciones en relación, que pueden contener la opinión o creencia del funcionario quien debe certificar el hecho o la constancia de autos, quedando al tribunal la facultad de opinar acerca de lo que los hechos significan en ley;

Por cuanto, aparece que el abogado Sr. González Fagundo lo fué de récord en este caso, por lo que la notificación de apelación está correctamente hecha,

Por tanto, se declara sin lugar la moción desestimatoria.